BURNHAM C. TRUWORTHY *vs.* CYRUS W. FRENCH, JR.

Penobscot. Opinion December 22, 1902.

*Assumpsit.   New Trial.   Receipt.   Evidence.   Parol Testimony.*

The finding of a jury on an issue purely of fact which has been fairly presented, and clearly explained to them by the presiding justice in his charge, will not be set aside.

It is no violation of the rule excluding parol testimony to vary, modify or contradict a writing to admit evidence to show that a receipt was given without consideration and is a duplicate of a former receipt.

Motion and exceptions by defendant.    Overruled.

Assumpsit on the account annexed for various items of hardware used by defendant in the construction of two buildings; for plumber's work in one of said buildings done under contract; and on an order for $36.05 payable to plaintiff, drawn by one A. S. Wing upon, and accepted by the defendant.

The case is stated in the opinion.

*J. M. Sanborn,* for plaintiff.

*W. S. Townsend,* for defendant.

Counsel contended that a receipt is evidence of the most satisfactory kind, and to do away with its force the testimony should be clear

and convincing. *Harris* v. *Hay*, 111 Pa. St. 562; *Gleason* v. *Sawyer*, 22 N. H. 85; *Gibbon* v. *Potter*, 30 N. J. Eq. 204; *Danziger* v. *Hoyt*, 120 N. Y. 190.

On the question of burden of proof counsel cited: *Guyette* v. *Bolton*, 46 Vt. 228; *Moore* v. *Korty*, 11 Ind. 341; *Borden* v. *Hope*, 21 La. An. 581; *Neal* v. *Handley*, 116 Ill. 418, 56 Am. Rep. 784.

Counsel also cited: Greenl. on Ev. Vol. 1, § 279; *Goss* v. *Ellison*, 136 Mass. 503; *Fay* v. *Gray*, 124 Mass. 500; *Langdon* v. *Langdon*, 4 Gray, 186; *Leddy* v. *Barney*, 139 Mass. 394; *Stone* v. *Vance*, 6 Ohio, 246; *Carperter* v. *Jamison*, 75 Mo. 285; *Stapleton* v. *King*, 33 Iowa, 28, 11 Am. Rep. 109; *Henry* v. *Henry*, 11 Ind. 236, 71 Am. Dec. 354; *McKernan* v. *Mayhew*, 21 Ind. 291; *Krutz* v. *Craig*, 53 Ind. 561; *Alcom* v. *Morgan*, 77 Ind. 184; *Morris* v. *St. Paul & Chicago Railroad Co.*, 21 Minn. 91; Greenl. on Ev. Vol. 1, § 305; Taylor on Ev. Vol. 2, § 1037.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J.   This is an action of assumpsit to recover a balance due on account and comes up on motion and exceptions.

The whole controversy of fact is over the two following exhibits.

Deft. 8. (Wing Order)
"Newport, Maine, Oct. 18, 1900.

C. W. French, Jr., please to pay to the order of B. C. Truworthy the sum of $36.05 thirty-six .05 dollars, the amount due him for stock issued on the Chas. Emerson job printing.

S. A. Wing."

"Paid in to                    $50 recd.
     B. C. Truworthy."

Deft. Exhibit 9.
"Oct. 29, 1900.

Received of C. W. French, Jr., fifty dollars on acct.
                                        B. C. Truworthy."

The defendant claims that when he paid the order of $36.05, he added enough to it to make $50, and that the entry upon the order "$50 recd." is correct and in accordance with the fact. He further claims that defendant's exhibit 9, a receipt for $50, dated Oct. 29, 1900, is also in accordance with the fact, and that he, on that day actually paid $50. The plaintiff, on the other hand, claims that the the receipt for $50, dated Oct. 29, 1900, was for the same $50 entered upon the order, defendant's exhibit 8, and that he received only $50 upon both receipts. This issue was carefully presented to the jury and carefully and clearly explained to them by the presiding justice in his charge, and the jury found for the plaintiff. The question at issue was purely a matter of fact for the jury. While honest and intelligent men might differ as to the result, we do not think the evidence shows that the verdict was so clearly wrong as to warrant the court in setting it aside. It is admitted by both parties that when the defendant paid the order of $36.05 he paid $13.95 additional, which made the whole payment, at that time, the sum of $50.

The plaintiff offered testimony, which was admitted, to show that the entry upon the order "$50 recd.," and the receipt of Oct. 29, 1900, for $50 covered one and the same payment.

The defendant seasonably objected to the offer of this testimony and excepted to its admission.

The testimony was clearly admissible. It in no way varied, modified or contradicted the order, or the receipt thereon. It was not offered to explain the order or receipt. It could not be. The case would not admit it. There was no controversy over the payment of $50 on the order, or the correctness of the entry "$50 recd."

The only controversy, therefore, that the case would admit was, whether the defendant actually paid the plaintiff $50 on the receipt of Oct. 29, the payment of the other $50 on the order being admitted; or whether that receipt was a duplicate of the first one, and given without any consideration.

The evidence admitted simply tended to prove or disprove this proposition. Such evidence would be admitted to prove that even a deed, under seal and acknowledging the receipt of a consideration, was actually delivered without any consideration having been paid ;

a fortiori, would it be admitted to show that a receipt was given without consideration.

The testimony offered did not vary or modify the terms of the last receipt. It simply tended to show that it was a duplicate and given without consideration.

*Motion and exceptions overruled.*